UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANFORD P. JAMES,

       **Plaintiff,**

   v.

ANDREW SAUL,
**Commissioner of Social Security,**

       **Defendant.**

Case No. 3:18-cv-453
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Motion for Attorney's Fees*, ECF No. 28; *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 29; *Plaintiff's Reply*, ECF No. 30. For the reasons that follow, Plaintiff's motion is denied.

**I.    BACKGROUND**

On January 11, 2018, Plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), appealing from the final decision of the Commissioner of Social Security denying Plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* ECF No. 1.[1] Although Attorney James Langton with the law firm Langton & Alter, Esqs., represents

---

[1] Andrew Saul, the current Commissioner of Social Security, is substituted as Defendant in his official capacity.

1

Plaintiff in this action, a different attorney represented Plaintiff in the underlying administrative proceedings. *See Transcript of Oral Hearing*, ECF No. 7-2, at 33–57.

On December 7, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 17.[2] On March 29, 2019, the case was reassigned to United States Magistrate Judge Paul A. Zoss. ECF No. 22. In October 2019, following full briefing by the parties, Judge Zoss reversed the Commissioner's decision that Plaintiff was not disabled and remanded the case for further proceedings. ECF Nos. 26, 27. Thereafter, Plaintiff filed her *Motion for Attorney's Fees*, seeking attorney's fees under the EAJA in the amount of $6,750.00. ECF No. 28. Defendant opposes Plaintiff's fee request, arguing that the Commissioner's position was substantially justified. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 29. Alternatively, Defendant asks that the Court, at a minimum, deduct time spent on certain matters in light of the totality of the circumstances and award attorney's fees in the amount of only $3,119.74. *Id*. Plaintiff has filed a reply memorandum, insisting that the fee award requested in her initial motion is appropriate. *Plaintiff's Reply*, ECF No. 30. On July 30, 2020, the case was reassigned to the undersigned. ECF No. 31. The matter is now ripe for disposition.

## II.     LEGAL STANDARD

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165; *see also Goldhaber v. Foley*, 698 F.2d 193, 195 (3d Cir. 1983) ("Congress intended

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

that the Equal Access to Justice Act remove an obstacle to contesting unreasonable governmental action through litigation."). Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action  . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A); *see also id*. at § 2412(d)(1)(B) (requiring a party seeking an award of fees and expenses to submit to the court such application "within thirty days of final judgment in the action"). "The Plaintiff is a prevailing party under the EAJA if he [or she] has 'succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit.'" *Teixeira v. Comm'r of Soc. Sec.*, No. CV 2:13-07505, 2016 WL 6139918, at *1 (D.N.J. Oct. 20, 2016) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (internal quotations omitted). A plaintiff who obtains a remand under sentence four or sentence six of 42 U.S.C. § 405(g)[3] is therefore a prevailing party. *Melkonyan v. Sullivan*, 501 U.S. 89, 102–03 (1991) (stating further that EAJA fees are not appropriate where there is a voluntary dismissal on the stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a) because there is no prevailing party); *Ruiz v. Comm'r of Soc. Sec.*, 189 F. App'x 112, 113 (3d Cir. 2006) (noting that "[w]hile these forms of remand under § 405(g) differ in when they become final, both may lead to an award of EAJA fees" and finding that the plaintiff was a "prevailing party" for purposes of EAJA fees when he secured a sentence four remand) (citing *Melkonyan*, 501 U.S. at 102–03).

---

[3] Sentence four of 42 U.S.C. § 405(g), consists of "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" while sentence six authorizes a remand of the matter to the Commissioner for the taking of new material evidence when "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

3

Courts may award only "reasonable" attorney's fees and expenses under the statute. 28 U.S.C. § 2412(d)(2)(A). "A fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates." *Beattie v. Colvin*, 240 F. Supp. 3d 294, 296 (D.N.J. 2017) (citations omitted). "To meet [this] burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The [United States] Supreme Court has cautioned that '[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" *Beattie*, 240 F. Supp. 3d at 296 (quoting *Hensley*, 461 U.S. at 434); *see also Arandjelovic v. Colvin*, No. 14-2849, 2016 WL 1389935, at *3 (D.N.J. Apr. 8, 2016) ("At the outset, the Court notes that forty hours has previously been found reasonable for a typical Social Security case. . . As such, Plaintiff's request of 55.55 hours is not unconscionable for a more complicated social security matter.") (citations omitted). "In evaluating an EAJA fee application, a court is to apply 'traditional equitable principles.'" *Cintron v. Comm'r of Soc. Sec.*, No. 2:13-CV-7125, 2015 WL 3938998, at *1–2 (D.N.J. June 25, 2015) (citing *Meyler v. Comm'r of Soc. Sec.*, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008)). "A district court has broad discretion in determining the appropriate amount of a fee award." *Beattie*, 240 F. Supp. 3d at 296 (citing *Hensley*, 461 U.S. at 437); *see also Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) ("It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party.") (citing *Hensley*, 461 U.S. at 437); 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be

4

awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."). "However, a court may not conduct a 'generalized proportionality review of the entire fee award' in response to the Government's 'bare allegation in general terms that the time spent was excessive.'" *Beattie*, 240 F. Supp. 3d at 296 (quoting *U.S. v. Eleven Vehicles*, 200 F.3d 203, 218 (3d Cir. 2000) (Alito, J., concurring)). "The party opposing a fee request has the burden to submit objections that are specific and well-supported." *Cintron*, 2015 WL 3938998, at *2.

Finally, as previously noted, a court shall not award fees where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'This 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions of the law that often underlie vigorous enforcement efforts. *It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made*.'" *Taylor v. United States*, 815 F.2d 249, 252–53 (3d Cir. 1987) (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. & Ad News 4953, 4984, 4990) (emphasis added by *Taylor* court). "The EAJA thus 'explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees.'" *Id.* (quoting *Oguachuba v. Immigration and Naturalization Serv.*, 706 F.2d 93, 98 (2d Cir. 1983)). However, "[t]hat few courts apparently have relied upon this exception to EAJA awards in denying fee applications is evidence that the circumstances of a case will infrequently justify a denial of an award." *Id.*; *see also Meyler v. Comm'r of Soc. Sec.*, No. CIV. 04-4669, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008) ("Despite the persistent pattern of misconduct by Plaintiff's counsel, the Court is not persuaded that special circumstances exist to justify a complete denial of attorney's fees. While counsel's

5

conduct is objectionable, the Court distinguishes it from attorney misconduct that has been duplicitous or dishonest and has resulted in a denial of all fees.") (citations omitted).

### III.  ANALYSIS

Plaintiff seeks an attorney's fee award under the EAJA in the amount of $6,750.00, reflecting 34.4 hours of work compensated at a rate of $196.21 per hour. *Affidavit of Attorney's Services*, ECF No. 28-2, ¶¶ 2 (identifying 34.4 hours), 3 (seeking a fee award in the amount of $6,750.00), 4 (explaining hourly rate of $196.21); *see also* ECF No. 28-5, attached thereto (itemizing the time spent on each billable activity, totaling 34.4 hours). Defendant does not deny that Plaintiff qualifies as a "prevailing party," but argues that no fee award is appropriate because substantial justification supported the Commissioner's position. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 29, pp. 3–5. Defendant contends that he litigated reasonably substantiated positions in defense of the ALJ's decision and points out that the Court identified deficiencies in the ALJ's decision not raised by, or abandoned by, Plaintiff. *Id*. Defendant's arguments are well taken.

As set forth above, a court may award reasonable attorney's fees if the government's position in the case was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The government's burden of showing substantial justification is a strong one and is not met merely because the government adduces 'some evidence' in support of its position." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (citing *Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir.1984)). Instead, the government's position in the underlying action must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Washington*, 756 F.2d at 961 ("Substantial justification 'constitute[s] a middle ground between an automatic award of fees to a

prevailing party and an award made only when the government's position was frivolous.'")
(quoting *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)). To meet its burden of
substantial justification, the government must show that its position in the underlying litigation
reflected: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for
the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal
theory advanced." *Id.* (citations omitted). In other words, its "position is substantially justified if
it has a reasonable basis in both law and fact." *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d
123, 128 (3d Cir. 1993) (citations omitted). However, a "'court must not assume that the
government's position was not substantially justified because the government lost on the
merits.'" *Bryan v. Comm'r of Soc. Sec.*, 478 F. App'x 747, 750 (3d Cir. 2012) (quoting
*Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001)); *see also Diaz v. Comm'r of Soc. Sec.*,
410 F. App'x 430, 431–32 (3d Cir. 2010) ("Although the Government's success or failure on the
merits at each level is indicative of whether its position was substantially justified, it is not
dispositive.") (citing *Pierce*, 487 U.S. at 569); *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir.
1998) ("The EAJA is not a "loser pays" statute. Thus, a court cannot assume that the
government's position was not substantially justified simply because the government lost on the
merits."); *Nevins v. Comm'r of Soc. Sec.*, No. CV 16-5765, 2017 WL 3315287, at *2 (D.N.J.
Aug. 2, 2017) ("The government's position can be justified even if it is incorrect as long as it has
a "reasonable basis in law and fact.'") (quoting *Pierce*, 487 U.S. 556 n.2).

Here, the Court determined that substantial evidence did not support the ALJ's
determination of Plaintiff's residual functional capacity ("RFC"), reasoning as follows:

> [T]he claimant has the residual functional capacity to perform light
> work as defined in 20 CFR 404.1567(b) and 416.967(b) except the
> claimant can lift and carry 20 pounds occasionally and 10 pounds
> frequently; stand, walk and sit for six hours during the course of an

7

> eight hour day; occasional postural maneuvers; frequent fingering; he must avoid concentrated exposure to temperature extremes, fumes, odors, dusts, gases, dangerous machinery and unprotected heights.

(R. 22.) Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence because the ALJ erroneously assessed the opinions of Dr. Roque and the State Agency reviewing consultants. See ECF No. 21 at 22-28, 33-36. The Court agrees.

The ALJ found:

> While I agree [with Dr. Roque] that the claimant may have some difficulty standing and walking for prolonged periods due to his history of neuropathy of the bilateral lower extremities, I concur with the assessment of the State Agency medical consultants that the claimant could sit for *six* hours and stand *and* walk for *four* hours during the course of an eight hour day with postural limitations as set forth in the above fashioned residual functional capacity. . . .
>
> In that regard, I accord weight to the opinions of the State Agency physical medical consultants who opined that the claimant could perform a narrow range of light work with postural limitations and environmental limitations and incorporated such in the above fashioned residual functional capacity.
>
> I give weight to the October 2014 opinion of Dr. Roque that the claimant had physical limitations for activities requiring weight bearing and exposure to environmental/occupational hazardous/toxic materials/heights, operating heavy equipment/machineries or motor vehicles. I also give weight to the examiner's opinion that the claimant was able to sit, with some limitations for prolonged standing and walking; and he was able to carry, handle objects, hear, speak, read, write and travel with the combination of multiple comorbid chronic medical conditions requiring chronic multiple drug therapy. However, no significant weight is given to the examiner's opinion that the claimant would have difficulty being gainfully and satisfactorily employed. This opinion is not supported by the weight of the medical evidence or the examiner's clinical findings on examination.

(R. 25-26 (emphasis added).) The Court finds no error in the ALJ's assessment of Dr. Roque's opinion that Plaintiff would have difficulty being gainfully and satisfactorily employed because this is an administrative finding that rests exclusively within the ALJ's purview. See 20 C.F.R. § 404.1527(a). However, the

8

> Court cannot meaningfully review the ALJ's Step Four finding because the decisional RFC provides that Plaintiff could stand, walk, and sit each for up to six hours. This conflicts with the ALJ's assessment of the medical opinions. The decisional RFC is also flawed in that it fails to identify the specific postural maneuvers subject to limitation. The Court further finds that the RFC is flawed for two additional reasons not articulated by Plaintiff's counsel. First, the ALJ's decision did not mention or refer to Dr. Grubb's treatment files for the period between September 2013 and March 2015. (R. 386-422.) Plaintiff's pain management treatment with Dr. Grubb began prior to the alleged onset date and continued thereafter. Dr. Grubb's treatment files are relevant, as they were referenced in Dr. Ankamah's treatment files and relate to Plaintiff's severe physical impairments. It is impossible to determine whether this evidence was overlooked or whether (and, if so, why) it was rejected. Second, the ALJ's decision did not mention or refer to the evidence from Dr. Johnson or the State Agency reviewing consultants regarding Plaintiff's mental impairments. Indeed, the ALJ's decision is devoid of any indication that Plaintiff's DIB application expressly included depression and anxiety among his alleged impairments. (R. 61.) It is impossible to determine whether this evidence was overlooked or whether (and, if so, why) it was rejected.
>
> The Court therefore finds that remand is warranted because the ALJ's RFC finding is not supported by substantial evidence.

*Opinion*, ECF No. 26, pp. 24–25.

However, Defendant contends that his litigation position was substantially justified because the vocational expert, in response to a more restrictive hypothetical than the RFC ultimately found by the ALJ, testified that a more limited worker than Plaintiff could nevertheless perform the work identified by the expert. *Defendant's Brief in Opposition to Plaintiff's Motion for Attorney's Fees*, ECF No. 29, pp. 3–4 (citing *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 23, p. 18;[4] *Administrative Record*, ECF No. 7-2, R. 54). This Court agrees. The ALJ asked the vocational expert to assume that a hypothetical individual had the ability to, *inter alia*, stand and walk for four hours[5] in an eight-hour workday. *Administrative*

---

[4] The Commissioner erroneously referred to page 23 instead of page 18.
[5] As set forth above, the ALJ fashioned an RFC limiting Plaintiff to six hours of walking and standing.

9

*Record*, ECF No. 7-2, R. 54. In response, the vocational expert testified that, although none of Plaintiff's past relevant work was available to a hypothetical claimant with Plaintiff's RFC, there were jobs that existed in significant numbers in the national economy that such a claimant could nevertheless perform, including such jobs as order caller and mail clerk/mail sorter. *Id*. at 54–55. Although Judge Zoss ultimately rejected Defendant's argument in this regard, this Court concludes that Defendant's position reflected a "reasonable basis in law and fact." *Pierce*, 487 U.S. 556 n.2; *see also Bryan*, 478 F. App'x at 750; *Hanover Potato Prod., Inc.*, 989 F.2d at 128; *Morgan*, 142 F.3d at 685; *Chiucchi v. Comm'r of Soc. Sec.*, No. CV 15-3460, 2016 WL 7322788, at *8 (D.N.J. Dec. 15, 2016) ("[A]n ALJ may rely on a hypothetical that contains more restrictive limitations than those in the RFC. This is because the jobs that could be performed by an individual with greater limitations could also be performed by an individual with fewer limitations.") (citations omitted).

Although Judge Zoss went on to identify two additional deficiencies in the ALJ's decision, namely, a failure to address Dr. Grubb's treatment files for a certain period of time and a failure to address evidence from Dr. Johnson and the state agency reviewing consultants regarding Plaintiff's mental impairments, Plaintiff did not raise these issues and, therefore, Defendant did not address them. *Opinion*, ECF No. 26, p.25 ("The Court further finds that the RFC is flawed *for two additional reasons not articulated by Plaintiff's counsel*.") (emphasis added). Based on this record, the Court cannot conclude that Defendant's position lacked substantial justification merely because he failed to address matters raised *sua sponte* by the Court. *Cf. Spadaccini v. Colvin*, No. CV 15-7382, 2018 WL 1522724, at *2 (D.N.J. Mar. 27, 2018) ("True, there was an additional ground on which the government did not prevail (the SSI issue). That, however, does not bespeak any weakness in the government's position, and does not

suggest that the government was unreasonable in filing an opposition to the appeal, which until the Court acted *sua sponte* involved only the DIB issue.").

In short, Defendant was substantially justified in defending the ALJ's decision and, therefore, Plaintiff is not entitled to an award of fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). Having so determined, the Court need not determine the reasonableness of Plaintiff's fee request.

## IV.  CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's request for attorney's fees, ECF No. 28.

**IT IS SO ORDERED.**


Date:  August 10, 2020                              *s/Norah McCann King*
                                                                  NORAH McCANN KING
                                                        UNITED STATES MAGISTRATE JUDGE

11